**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**McCARTER & ENGLISH, LLP**
Lisa S. Bonsall, Esq.
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
Telephone: (973) 622-4444
E-mail: lbonsall@mccarter.com
*Special Counsel to Nancy Isaacson, Ch. 7 Trustee/Plaintiff*

In re:

REVIVAL HOLDINGS, LLC,

   Debtor.

NANCY ISAACSON, CHAPTER 7 TRUSTEE,

v.

SACHS CAPITAL FUND II, LLC, *et al.*,

   Defendants.

Chapter 7 Proceeding

Case No. 22-19146 (VFP)

Hon. Vincent F. Papalia

Adv. Pro. No.: 23-01029 (VFP)

**CERTIFICATION OF PLAINTIFF, NANCY ISAACSON, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASES BY AND AMONG THE TRUSTEE, MICHAEL CANIZALES AND PETER MANNING**

I, Nancy Isaacson, of full age, hereby certify and state as follows:

1. I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Revival Holdings, LLC ("Revival Holdings" or the "Debtor") (Case No. 22-19146), and for the estates of Revival Sash & Door, LLC ("RSD") (Case No. 22-19151), Prelude, LLC ("Prelude") (Case No. 22-19147), and Bright Windows Specialties, Inc. ("BWS") (Case No. 22-19150) (RSD, Prelude and BWS collectively referred to as the "Subsidiaries," and with Revival Holdings, the "Debtors").

1

As such, I am fully familiar with the facts set forth herein and submit this Certification in support of my motion to approve the settlement reached with Michael Canizales ("Canizales") and Peter Manning ("Manning" and with Canizales collectively referred to as the "Settling Defendants") pursuant to U.S.C. 11 § 105(a) and Fed. R. Bankr. P.9019 (the "Motion"). A separate settlement agreement was reached between the Trustee and the remaining defendants, Sachs Capital Fund II, LLC ("SCF"), Sachs Capital Partners, LLC ("SCP"), Andrew Sachs ("Sachs"), Robert Henley ("Henley"), and Revival LOC, LLC ("RLOC" and together with SCF, SCP, Sachs and Henley, the "Remaining Defendants" and together with the Settling Defendants, the "Defendants").

2. The Debtor, through its three wholly owned, operating Subsidiaries, manufactured, resold and installed customer windows and doors.

3. On November 17, 2022 (the "Petition Date") the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") bearing Case No. 22-19146 (VFP). BK Doc. No. 1.

4. On November 17, 2022, the Debtor also caused voluntary bankruptcy petitions to be filed under chapter 7 of the Bankruptcy Code for each of its Subsidiaries.

5. On November 18, 2022, the Trustee was appointed as the Trustee for the Debtor and each of its Subsidiaries (each an "Estate" and collectively, the "Estates"). See, e.g., BK Doc. No. 2.

6. On January 27, 2023, the Trustee for the Debtor filed a Complaint bearing Adversary Proceeding No. 23-1029 (VFP) (the "Adversary Proceeding") against SCF, SCP, Sachs, Henley, Canizales and Manning, for, *inter alia*, breaches of fiduciary duty. AP Doc. No. 1.

7. On December 22, 2023, pursuant to an order of the Court, the Trustee for the Debtor

filed an Amended Complaint alleging, *inter alia*, breaches of fiduciary duties, aiding and abetting breaches of fiduciary duties, breaches of the Debtor's Operating Agreements, conspiracy and certain avoidable transfers, and naming RLOC as an additional defendant. AP Doc. Nos. 100 and 106.

8. On January 22, 2024, the Defendants all filed answers. AP Doc. Nos. 112-115.

9. On February 13, 2024, an order was entered appointing the Honorable Michael B. Kaplan, Chief Bankruptcy Judge, as mediator.

10. On April 16, 2024, the Trustee and all of the Defendants engaged in mediation, and a settlement was reached between the Trustee and the Settling Parties. A separate settlement was reached between the Trustee and the Remaining Defendants.

11. For the reasons set forth in the Motion and below, I believe that the Settlement Agreement is in the best interest of the Estates and that it falls within the range of reasonableness and should be approved under applicable law. A copy of the Settlement Agreement executed by the Parties is attached to the proposed Order granting the Motion.

12. The terms of the Settlement Agreement are summarized in detail in the Motion. The settlement provides, in pertinent part, for payment by the Settling Defendants to the Revival Holdings bankruptcy estate of $1,000,000 within 15 days of the entry of the order approving the settlement, to be released to the Debtor's Estate upon the order becoming a final order, and for the release and withdrawal of all claims the Settling Defendants have against the Estates. This will result in the withdrawal of at least $500,000 in filed claims against one of the Estates and the elimination of any liability of all the Debtors' Estates to the Settling Defendants. In addition, the Settling Parties are required to cooperate with me in the administration of the estate, and the Parties are mutually releasing any and all claims against each other.

13. Absent the Settlement Agreement, there is no assurance of a favorable outcome in this litigation. The Amended Complaint sets forth allegations of alleged improper conduct in a complicated, fact-intensive series of transactions. The Settling Defendants have denied the allegations and raised several substantial defenses, including that their conduct was ratified by the members of the Debtor and that no harm became of it. Indeed, the Defendants contend that they are owed significant sums by the Debtors. The Settling Defendants also assert that the Trustee cannot establish that their conduct caused the Debtor damages, and that the Trustee cannot meet her burden of proving actual or constructive fraud, conspiracy or any of the other claims in the Amended Complaint. In short, the probability of success in the Adversary Proceeding is uncertain.

14. In addition, the settlement terminates costly litigation of complex legal and factual issues of liability, causation and damages in favor of a prompt and certain resolution. Litigation would require extensive discovery, including the recovery of thousands of emails that have yet to be turned over to the Trustee, in addition to depositions and third party discovery. I would likely need to retain multiple experts at substantial cost to the Debtor's Estate, in addition to substantial sums in professional fees and related litigation costs. Even if successful, there are significant issues with respect to collection in connection with these defendants, one of which is currently residing in Australia.

15. Finally, entry into the Settlement Agreement also serves the paramount interest of the creditors of all of the Estates. For the Debtor, resolution of the Adversary Proceeding through the Settlement Agreement represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation, the attendant expenses, and an uncertain outcome in favor of a reduction in claims against all of the Estates and a substantial cash infusion into the Debtor's Estate.

16. In my business judgment, I believe that the settlement is fair and will result in the favorable and expeditious outcome for this bankruptcy estate considering the cost, delay and risk associated with the continuation of the litigation.

17. Therefore, I request that the Settlement Agreement be approved and the Motion be granted in its entirety.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject of punishment.

Dated: May __, 2024                         /s/ Nancy Isaacson
                                            Nancy Isaacson

5

MEI 48424040v.1